# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| MONIQUE WOODSON, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    No. 4:17-CV-00258-DGK |
| | ) |
| RALPH E. LEWIS, II, | ) |
| | ) |
|     Defendant. | ) |

## ORDER DENYING MOTION TO STAY

This case arises from Defendant's alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692k et seq. Plaintiff alleges Defendant made false statements in an attempt to collect a debt including misrepresenting the creditor, and improperly including post-judgment interest in the amount of the debt. *See* (Doc 1-1). Now before the Court is Defendant's Motion for Stay (Doc. 3).

A district court possesses "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 707 (1997). The proponent of a stay bears the burden of establishing the need for it. *Nken v. Holder*, 556 U.S. 418, 433-34 (2009). In determining whether to grant a stay, a court considers a variety of factors, including the movant's likelihood of success on the underlying motion; and whether the movant will be irreparably harmed absent a stay. *Id.* at 434.

Defendant requests a stay pending *Dennis v. Riezman Berger, P.C.*, No. ED 103904, 2016 WL 5030349 (Mo. Ct. App. Sept. 20, 2016), *transfer granted* (Jan. 31, 2017), now pending before the Missouri Supreme Court. Defendant argues Plaintiff's case is premised all or in part on whether including post-judgment interest violates the FDCPA and that the decision in *Dennis*

"may be dispositive" of some or all of Plaintiff's claims (Doc. 4 at 3). Defendant also argues that allowing the Missouri Supreme Court to rule on *Dennis* would avoid potentially conflicting interpretations of Missouri Revised Statute § 408.040 (Doc. 9 at 2).

In response, Plaintiff states her claims stem from more than just post-judgment interest and that the issue in *Dennis* only affects a "single portion" of her claims (Doc. 7 at 1). Plaintiff also notes a court in the Eastern District of Missouri addressed a similar situation and denied a motion to say pending *Dennis*. *See Hefley v. J & M Securities, LLC*, No. 4:15CV01578 ERW, 2016 WL 7188117 (E.D. Mo. Dec. 12, 2016).

The Court finds the relevant factors weigh against issuing a stay. The Court cannot say Defendant is likely to prevail on his underlying argument. It is uncertain whether the Missouri Supreme Court will reverse the Court of Appeals decision in *Dennis*. Even so, while a reversal in *Dennis* could affect Plaintiff's claims regarding post-judgment interest, this is just one basis for liability. Plaintiff also claims Defendant violated the FDCPA by misrepresenting the name of the creditor. Further, Defendant does not state he will be irreparably harmed if the stay is not granted.

Accordingly, the Court holds Defendant has not carried his burden of establishing the need for a stay. The motion (Doc. 3) is DENIED.

**IT IS SO ORDERED.**

Date:   May 16, 2017              /s/ Greg Kays
                                  GREG KAYS, CHIEF JUDGE
                                  UNITED STATES DISTRICT COURT